UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                               §
                                     §
KANZAMAN INCORPORATED                §     Case No. 15-13336
                                     §
            Debtor                   §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/14/2015 . The undersigned trustee was appointed on 04/14/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 5,685.95 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 5.38 |
| Bank service fees | | 85.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 5,595.57 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 09/04/2015 and the deadline for filing governmental claims was 10/13/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,318.60 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,318.60 , for a total compensation of $ 1,318.60 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 81.31 , for total expenses of $ 81.31 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/12/2016                By:/s/BARRY A. CHATZ
                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-13336 | TAB | Judge: | Timothy A. Barnes | | Trustee Name: | BARRY A. CHATZ |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Case Name: | KANZAMAN INCORPORATED | | | | | Date Filed (f) or Converted (c): | 04/14/2015 (f) |
| | | | | | | 341(a) Meeting Date: | 06/02/2015 |
| For Period Ending: | 04/12/2016 | | | | | Claims Bar Date: | 09/04/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account With Chase - Less Pending Electronic Paymen | 18,201.74 | 0.00 | OA | 5,685.95 | FA |
| 2. Potential Counter Claims Against Former Employees | 0.00 | 0.00 | OA | 0.00 | FA |
| 3. 3 Registers (1 broken), music system, furniture, glassware, | 0.00 | 0.00 | OA | 0.00 | FA |
| 4. Equipment (stove, deep fryer, coolers, sink) | 0.00 | 0.00 | OA | 0.00 | FA |
| 5. Miscellaneous (Plastic bins, plastic water pitchers) | 0.00 | 0.00 | OA | 0.00 | FA |
| 6. Coca-Cola Fountain Machine (Owned By Coco-Cola) | 0.00 | 0.00 | OA | 0.00 | FA |
| 7. Open Table System; Dish Washer; Ice Machine (All Leased) | 0.00 | 0.00 | OA | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $18,201.74   $0.00   $5,685.95   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/2016    Current Projected Date of Final Report (TFR): 06/30/2016

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 15-13336 | Trustee Name: | BARRY A. CHATZ |
| Case Name: KANZAMAN INCORPORATED | Bank Name: | Union Bank |
| | Account Number/CD#: | XXXXXX0755 |
| | | Checking |
| Taxpayer ID No: XX-XXX5608 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 04/12/2016 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/21/15 | | Transfer from Acct # xxxxxx9723 | Transfer of Funds | 9999-000 | $5,645.95 | | $5,645.95 |
| 09/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $5,630.95 |
| 10/26/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $5,615.95 |
| 11/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.00 | $5,600.95 |
| 02/17/16 | 400001 | Adams-Levine<br>370 Lexington Avenue, Suite 1101<br>New York, NY 10017 | Bond Premium | 2300-000 | | $5.38 | $5,595.57 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $5,645.95 | $50.38 |
| Less: Bank Transfers/CD's | $5,645.95 | $0.00 |
| Subtotal | $0.00 | $50.38 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $50.38 |

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |  | | |
|---|---|---|---|---|
| Case No: | 15-13336 | | Trustee Name: | BARRY A. CHATZ |
| Case Name: | KANZAMAN INCORPORATED | | Bank Name: | The Bank of New York Mellon |
| | | | Account Number/CD#: | XXXXXX9723 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX5608 | | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 04/12/2016 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/20/15 | 1 | KANZAMAN INCORPORATED | LIQUIDATION OF OTHER ASSET | 1129-000 | $5,685.95 | | $5,685.95 |
| 05/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,675.95 |
| 06/05/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,665.95 |
| 07/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,655.95 |
| 08/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,645.95 |
| 08/21/15 | | Transfer to Acct # xxxxxx0755 | Transfer of Funds | 9999-000 | | $5,645.95 | $0.00 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | $5,685.95 | $5,685.95 |
| Less: Bank Transfers/CD's | $0.00 | $5,645.95 |
| Subtotal | $5,685.95 | $40.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $5,685.95 | $40.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*  Page Subtotals: $5,685.95 $5,685.95

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX0755 - Checking | $0.00 | $50.38 | $5,595.57 |
| XXXXXX9723 - Checking | $5,685.95 | $40.00 | $0.00 |
| | $5,685.95 | $90.38 | $5,595.57 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---:|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $5,685.95 |
| Total Gross Receipts: | $5,685.95 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-13336  
Debtor Name: KANZAMAN INCORPORATED  
Claims Bar Date: 9/4/2015  

Date: April 12, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | BARRY A. CHATZ<br>120 S. RIVERSIDE PLAZA<br>CHICAGO, IL 60606-0000 | Administrative | | $0.00 | $1,318.60 | $1,318.60 |
| 100 2200 | BARRY A. CHATZ<br>120 S. RIVERSIDE PLAZA<br>CHICAGO, IL 60606-0000 | Administrative | | $0.00 | $81.31 | $81.31 |
| 100 3210 | SHAW FISHMAN GLANTZ & TOWBIN LLC<br>SHAW GUSSIS FISHMAN GLANTZ & TOWBIN LLC<br>321 NORTH CLARK STREET, SUITE 800<br>CHICAGO, IL 60654 | Administrative | | $0.00 | $2,353.50 | $2,353.50 |
| 100 3220 | SHAW FISHMAN GLANTZ & TOWBIN LLC<br>SHAW GUSSIS FISHMAN GLANTZ & TOWBIN LLC<br>321 NORTH CLARK STREET, SUITE 800<br>CHICAGO, IL 60654 | Administrative | | $0.00 | $54.62 | $54.62 |
| 1-A 230 5800 | ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>P.O. BOX 64338<br>CHICAGO, ILLINOIS 60664-0338 | Priority | | $0.00 | $137.05 | $137.05 |
| 2 230 5300 | MOAYED SHAMMO<br>c/o JAMIE G. SYPULSKI<br>LAW OFFICE OF JAMIE GOLDEN SYPULSKI<br>150 NORTH MICHIGAN AVENUE<br>SUITE 1000<br>CHICAGO, IL 60601 | Priority | | $0.00 | $38,384.62 | $38,384.62 |
| 3 230 5300 | MARIA SANCHEZ<br>C/O JAMIE G. SYPULSKI<br>LAW OFFICE OF JAMIE GOLDEN SYPULSKI<br>150 NORTH MICHIGAN AVENUE<br>SUITE 1000<br>CHICAGO, IL 60601 | Priority | | $0.00 | $88,714.64 | $88,714.64 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 15-13336  
Debtor Name: KANZAMAN INCORPORATED  
Claims Bar Date: 9/4/2015

Date: April 12, 2016

| Code# | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 4 / 230 / 5300 | VIVIAN ODEESHO<br>C/O JAMIE G. SYPULSKI<br>LAW OFFICE OF JAMIE GOLDEN SYPULSKI<br>150 NORTH MICHIGAN AVENUE<br>SUITE 1000<br>CHICAGO, IL 60601 | Priority | | $0.00 | $36,895.04 | $36,895.04 |
| 8-A / 230 / 5800 | ILLINOIS DEPARTMENT OF EMPLOYMENT S<br>33 SOUTH STATE STREET<br>CHICAGO, ILLINOIS 60603<br>ATTN: BANKRUPTCY UNIT - 10TH FLR. | Priority | | $0.00 | $1,807.27 | $1,807.27 |
| 1-B / 300 / 7100 | ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION<br>P.O. BOX 64338<br>CHICAGO, IL 60664-0338 | Unsecured | | $0.00 | $1,408.80 | $1,408.80 |
| 5 / 300 / 7100 | JAMIE G. SYPULSKI<br>150 NORTH MICHIGAN AVENUE<br>SUITE 1000<br>CHICAGO, IL 60601 | Unsecured | | $0.00 | $104,843.71 | $104,843.71 |
| 6 / 300 / 7100 | OLYMPIA BUILDING CORPORATION<br>C/O NEAL GAINSBERG<br>GAINSBERG LAW, P.C.<br>1 SOUTH DEARBORN STREET<br>21ST FLOOR<br>CHICAGO, IL 60603 | Unsecured | | $0.00 | $28,254.83 | $28,254.83 |
| 7 / 350 / 7200 | STRAUSS BRANDS INC. d/b/a CHIAOOETTI, LLC<br>20855 South LaGrange Road<br>Suite 103<br>Frankfort, IL 60423-2037 | Unsecured | | $0.00 | $2,173.38 | $2,173.38 |
| 8-B / 350 / 7200 | ILLINOIS DEPARTMENT OF EMPLOYMENT S<br>33 SOUTH STATE STREET<br>CHICAGO, ILLINOIS 60603<br>ATTN: BANKRUPTCY UNIT - 10TH FLR. | Unsecured | | $0.00 | $184.05 | $184.05 |
| | Case Totals | | | $0.00 | $306,611.42 | $306,611.42 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-13336
Case Name: KANZAMAN INCORPORATED
Trustee Name: BARRY A. CHATZ

Balance on hand $ 5,595.57

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ 1,318.60 | $ 0.00 | $ 1,318.60 |
| Trustee Expenses: BARRY A. CHATZ | $ 81.31 | $ 0.00 | $ 81.31 |
| Attorney for Trustee Fees: SHAW FISHMAN GLANTZ & TOWBIN LLC | $ 2,353.50 | $ 0.00 | $ 2,353.50 |
| Attorney for Trustee Expenses: SHAW FISHMAN GLANTZ & TOWBIN LLC | $ 54.62 | $ 0.00 | $ 54.62 |

Total to be paid for chapter 7 administrative expenses  $ 3,808.03

Remaining Balance  $ 1,787.54

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 165,938.62 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1-A | ILLINOIS DEPARTMENT OF REVENUE | $ 137.05 | $ 0.00 | $ 1.48 |
| 2 | MOAYED SHAMMO | $ 38,384.62 | $ 0.00 | $ 413.49 |
| 3 | MARIA SANCHEZ | $ 88,714.64 | $ 0.00 | $ 955.66 |
| 4 | VIVIAN ODEESHO | $ 36,895.04 | $ 0.00 | $ 397.44 |
| 8-A | ILLINOIS DEPARTMENT OF EMPLOYMENT S | $ 1,807.27 | $ 0.00 | $ 19.47 |

Total to be paid to priority creditors     $ 1,787.54

Remaining Balance     $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 134,507.34 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1-B | ILLINOIS DEPARTMENT OF REVENUE | $ 1,408.80 | $ 0.00 | $ 0.00 |
| 5 | JAMIE G. SYPULSKI | $ 104,843.71 | $ 0.00 | $ 0.00 |
| 6 | OLYMPIA BUILDING CORPORATION | $ 28,254.83 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors     $ 0.00

Remaining Balance     $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 2,357.43 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | STRAUSS BRANDS INC. d/b/a CHIAOOETTI, LLC | $ 2,173.38 | $ 0.00 | $ 0.00 |
| 8-B | ILLINOIS DEPARTMENT OF EMPLOYMENT S | $ 184.05 | $ 0.00 | $ 0.00 |
| | Total to be paid to tardy general unsecured creditors | | $ | 0.00 |
| | Remaining Balance | | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE